UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-10566-RWZ

GERALD SIMMONS

v.

KELLY RYAN

MEMORANDUM OF DECISION

September 30, 2014

ZOBEL, D.J.

I. Facts

Petitioner Gerald Simmons, while represented by counsel, pleaded guilty in the Hampden County Superior Court to various state firearms charges on September 19, 2008, and was sentenced on September 25, 2008. Petitioner filed a notice of appeal *pro se* but did not pursue the appeal. On January 16, 2009, petitioner was assigned to a screening attorney from the Committee for Public Counsel Services ("CPCS") to determine the merits of his appeals and post-conviction actions. At that time he was directed not to file any *pro se* motions "until you have consulted with your screening attorney." Docket # 23 ADD-19 (Addendum to Petitioner's Motion in Opposition of Respondent's Motion to Dismiss). Over the course of the following eighteen months, petitioner, with varying degrees of success, sought fee waivers as well as free discovery and transcripts. On March 22, 2010, CPCS notified Mr. Simmons that it would not provide counsel for him.

In April 2010, petitioner filed a motion to withdraw his guilty pleas which was denied on April 21, 2010. He appealed that decision but the Massachusetts Appeals Court affirmed. The Massachusetts Supreme Judicial Court ("SJC") denied further appellate review on September 9, 2011. On April 9th and 17th of 2012, Mr. Simmons filed two new motions to withdraw his guilty pleas which were denied on April 17th and 24th respectively. Petitioner did not seek an appeal from either denial. This petition was filed on March 8, 2013.

## II. Analysis

The statute of limitations for federal habeas corpus proceedings by state prisoners is dictated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d). That section provides for a one-year period from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It further states that this time shall be tolled during the period when "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2).

Under Massachusetts law, "a guilty plea constitutes a final conviction." Morin v. Massachusetts, 598 F.Supp.2d 165, 166 (D. Mass. 2009) (citing Commonwealth v. Balliro, 437 Mass. 163, 166 (2002)). A defendant has thirty days after the entry of a conviction to file an appeal. Id. at 167 (citing Mass.App. R. 4(b)). In the case of a guilty plea, the *only* available appellate remedy is a motion for a new trial. See Porter v. Com., 457 Mass. 1005, 1005 (2010).

There is a split in authority in this district as to when the statute of limitations period of § 2244(d) begins to run after a guilty plea. Compare Mack v. Dickhaut, 770 F. Supp. 2d

2

429, 432 (D. Mass. 2011) (Tauro, J.) (motion for new trial, as the only appellate review available to those who plead guilty, is not a collateral attack under AEDPA for statute of limitations purposes); and Sepulveda v. Roden, 2012 WL 4324407 (D. Mass. 2012) (Boal, M.J.), adopted 2012 WL 4324404 (Tauro, J.) (same); with Davis v. Roden, 2013 WL 1339682 (D. Mass. 2013) (Wolf, J.) (motion for new trial is a collateral attack under AEDPA); and Turner v. Massachusetts, 2013 WL 3716861 (D. Mass. 2013) (Saylor, J.) (same).

By any calculation, however, petitioner's time has run. In the best case for him, the statute was tolled through the trial court's decision in his April 2010 motion to withdraw guilty plea and subsequent appeals. But the SJC denied further appellate review on September 9, 2011, more than eighteen months before the filing of this petition. Even adding ninety days for a petition for certiorari to the United States Supreme Court, the math simply does not work in petitioner's favor no matter how it is done.

Petitioner argues, however, that he is entitled to equitable tolling of the statute of limitations for federal habeas petitions on the ground that CPCS spent some fourteen months deciding whether to represent him only to decline representation in the end. While "§ 2244(d) is subject to equitable tolling in appropriate cases," Holland v. Florida, 560 U.S. 631, 645 (2010), a prisoner is "entitled to equitable tolling . . . only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland, 560 U.S. 631, 649. Even if the court treated CPCS's delay as attorney error, "garden variety claim[s] of excusable neglect, such as a simple 'miscaluclation' that leads a lawyer to miss a filing deadline, does not warrant equitable tolling." Id. at 652; see David v. Hall, 318 F.3d 343, 346 (1st Cir. 2003) ("a

3

mistake by counsel in reading [the AEDPA] or computing the time limit is, at most, a routine error.") (citing Mirpuri v. ACT Mfg., 212 F.3d 624, 630-31 (1st Cir.2000)). "If carelessness were an escape hatch from statutes of limitations, they would hardly ever bar claims." David v. Hall, 318 F.3d at 346.

Unfortunate though the fact may be, counsel error as alleged here is hardly rare enough to be considered more than "garden variety." Unlike the extraordinary circumstances in Holland,[1] the facts as petitioner alleges them show at most only garden variety neglect. CPCS instructed him not to file further pro-se motions during the screening process "until [he had] consulted [his] screening attorney." Docket # 23 ADD-19.

Even if the court credits petitioner's representation in his opposition to this motion that he was advised by CPCS counsel[2] to take no court action until a representation decision was made, he still could have taken steps on his own to research the statute of limitations and to implore his counsel to move more quickly. Cf. Holland, 560 U.S. at 652 (extraordinary circumstances warranting equitable tolling present where, among other actions, petitioner contacted counsel many times to remind counsel to file on time and indicated applicable legal rules in letters to counsel).

---

[1]"[Petitioner's attorney] failed to file [petitioner's] federal petition on time despite Holland's many letters that repeatedly emphasized the importance of his doing so. [The attorney] apparently did not do the research necessary to find out the proper filing date, despite [petitioner's] letters that went so far as to identify the applicable legal rules . . . [he] failed to inform [the petitioner] in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite [petitioner]'s many pleas for that information. And [the attorney] failed to communicate with his client over a period of years, despite various pleas from [the petitioner] that [his attorney] respond to his letters." Holland, 560 U.S. at 652.

[2]Petitioner here and in his affidavit, Docket # 22 Ex. 1, cites to the letter from CPCS, Docket # 23 ADD -19, notifying him of the screening process. The letter itself only informs Mr. Simmons "not to ensue any court action(s), until representation determination was made." Mr. Simmons implicitly makes the additional claim, unsupported by record evidence, that his screening counsel told him specifically to file no further motions. For purposes of this motion to dismiss, the court will assume this claim to be true, giving liberal construction to Mr. Simmons' pro se pleadings. See Fed. R. Civ. P. 12(b)(6); see Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008) (pro se pleadings held to "less demanding standards").

4

Finally, even were Mr. Simmons entitled to equitable tolling on the basis of the CPCS's attorney's neglect, that time would not be sufficient to span the lapse of the statute here. Even with equitable tolling for the period of CPCS review and tolling for his April 2010 appeal, the eighteen months between the SJC's denial of review on September 9, 2011, and the filing of this petition on March 8, 2013, would have barred this petition.

### III. Conclusion

Respondent's motion to dismiss is therefore ALLOWED.

Judgment may be entered dismissing the petition.

|  |  |
|---|---|
| September 30, 2014 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |

5